IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| ALEXANDER J. WALL, IV and MARIE C.M. KENT, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 180111N |
| v. | ) ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL[1]** |

This matter came before the court on Defendant's Motion to Dismiss (Motion), filed May 16, 2018.

A.    *Parties' Pleadings and Contentions*

Plaintiffs filed their Complaint on April 2, 2018, challenging the value of property identified as Account R259872 (subject property) for the "2015, 2016, [and] 2017" tax years. (Compl at 1.)  Based on Plaintiffs' Complaint, Reply to Motion to Make More Definite and Certain, and Reply to Motion, the following table identifies the relevant values for those years:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered August 31, 2018.  The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered.  *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

|  | **2015-16** | **2016-17** | **2017-18** |
|---|---|---|---|
| **Tax Roll Real Market Value** | $616,590 | $672,740 | $789,690 |
| **BOPTA Real Market Value** | N/A | N/A | $636,000 |
| **Exception Real Market Value** | N/A | N/A | $22,920 |
| **Maximum Assessed Value & Assessed Value** | $296,100 | $304,980 | $325,590 |
| **Plaintiffs' Requested Real Market Value** | $548,007 | $620,359 | $615,000 |
| **Plaintiffs' Requested Exception Value** | N/A | N/A | $22,920[2] |
| **Plaintiffs' Requested Maximum Assessed Value & Assessed Value** | $225,952 | $255,785 | $253,575[3] |

Defendant asserts Plaintiffs are not " 'aggrieved' within the meaning of ORS 305.275 because [they have] not requested a reduction in real market value which will result in any reduction in tax payable by [Plaintiffs] for the year(s) in question." (Def's Mot at 1.) Defendant maintains that Plaintiffs are not aggrieved with respect to their 2017-18 exception value claim and, in fact, seek an increase. (Def's Second Reply at 2.) Defendant asserts that Plaintiffs' maximum assessed value reduction request is "contrary to ORS 308.146." (Def's Mot at 1.)

Plaintiffs maintain that ORS 305.288(1) supports their requested relief. (*See* Compl at 4-5.) They assert that the reduction by BOPTA for the 2017-18 tax year from $789,690 to $636,000 recognized an error in excess of 20 percent in the subject property's real market value. (*Id.* at 5.) Plaintiffs reason that, because BOPTA recognized a 20 percent error for the 2017-18 tax year, this court is authorized to make a correction for the current and two prior tax years. (*See id.* at 6.) Additionally, Plaintiffs allege a violation of their constitutional rights under the uniformity clause of Article 1, section 32 of the Oregon Constitution. (*See id.* at 5.) They assert that "the subject property is levied 40% more in annual taxes than the five comparable properties

---

[2] Plaintiffs stipulated that the exception real market value of the new improvement is $22,920, although they challenged the calculation of the 2017-18 maximum assessed value including the new improvement. (*See* Ptfs' Reply to Mot to Dismiss at 1, Jul 30, 2018). Plaintiffs "allege that the exception event should only have increased the assessed value by $22,920 multiplied by 0.651 [the changed property ratio] or $14,920.92 at maximum." (*Id.*)

[3] In their Reply to Motion to Make More Definite and Certain, Plaintiffs alleged a 2017-18 maximum assessed value of $253,575, but stated they would accept a value of $255,785. (Ptfs' Reply at 1-2.) In their Complaint, Plaintiffs alleged a maximum assessed value of both $253,575 and $254,367. (Ptfs' Compl at 6.)

submitted, whereas the average real market values of these properties are nearly the same as the subject property." (*Id.*) Plaintiffs request that the court make "a proportionate decrease" in the assessed value to $254,367. (*Id.* at 6.)

B.      *Analysis*

        1.      *Aggrievement under ORS 305.275[4]*

Defendant maintains that Plaintiffs are not "aggrieved" under ORS 305.275(1)(a) for any of the three tax years at issue based on their requested real market values. ORS 305.275(1)(a) states, in part, that a person appealing to the magistrate division must be "aggrieved by and affected by an act, omission, order or determination of" the defendant. ORS 307.275(3) states, in part, that "[t]he appeal under this section is from an order of the board as a result of the appeal filed under ORS 309.100 * * *." As Defendant correctly stated in its Reply, this court has interpreted the "aggrievement" requirement in ORS 305.275(1)(a) to mean that the taxpayer will realize tax savings from the requested change in value. *See Work v. Dept. of Rev.*, TC 5286, 2017 WL 3135940 at *6-7 (2017) (concluding the taxpayer was not aggrieved because his requested relief did not result in any change to his tax burden). Here, Plaintiffs' requested real market values for each of the three tax years at issue would not produce any tax savings. (*See* Def's Mot at 2-4 (tax and compression worksheets for each of the three tax years).) As a result, the court agrees with Defendant that Plaintiffs are not aggrieved under ORS 305.275(1)(a) for any of the three tax years based on their requested real market values.

/ / /

/ / /

/ / /

---

[4] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

2.      *ORS 305.288*

Plaintiffs nevertheless maintain that their appeal may proceed under ORS 305.288 based on the 2017-18 real market value reduction ordered by BOPTA. ORS 305.288(1) and (2) state,

> "(1) The tax court shall order a change or correction applicable to a separate assessment of property to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year, or for any or all of those tax years, if all of the following conditions exist:
>
> > "(a) *For the tax year to which the change or correction is applicable*, the property was or is used primarily as a dwelling (or is vacant) and was and is a single-family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home.
> >
> > "(b) The change or correction requested is *a change in value* for the property *for the tax year* and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent.
>
> "(2) If the tax court finds that the conditions needed to order a change or correction under subsection (1) of this section exist, the court may order a change or correction in the maximum assessed value of the property in addition to the change or correction in the real market value of the property."

(Emphasis added.)

Plaintiffs understand ORS 305.288 to mean that, because BOPTA determined a 20 percent error existed in the 2017-18 real market value of the subject property, this court must order a proportionate change to the real market values and maximum assessed values of the subject property for the current and prior two tax years. There are several problems with Plaintiffs' reading of ORS 305.288 and application of the statute to the facts of this case.

a.      *Incorrect 20 percent error calculation for the 2017-18 tax year*

First, the real market value reduction ordered by BOPTA for the 2017-18 tax year did not constitute at least a 20 percent error. BOPTA ordered a reduction from $789,690 to $636,000, which is a 19.46 percent error. Plaintiffs calculated the error as 24.2 percent, presumably by

dividing the difference ($153,690) by the corrected (BOPTA) value rather than by the original, tax roll value. Plaintiffs' calculation is incorrect under ORS 305.288(1)(b), which requires a comparison between the difference and the real market value on the assessment and tax roll.

　　　　　b.　　　*20 percent error calculation required for each tax year*

Second, even if BOPTA had ordered a 20 percent reduction in the 2017-18 real market value of the subject property, it would not entitle Plaintiffs to similar relief for the prior two tax years. As demonstrated by the emphasized language above, ORS 305.288(1) requires a 20 percent error for *each* tax year. In other words, the court must evaluate whether a 20 percent error exists for each of the three tax years at issue; a 20 percent error in one tax year is insufficient to authorize the court to order corrections for other years.

As Defendant stated in its Reply, Plaintiffs failed to allege 20 percent errors in either the 2015-16 or 2016-17 tax roll real market values: they alleged an error of 11.12 percent for the 2015-16 tax year and of 7.79 percent for the 2016-17 tax year. (Def's Reply at 4.) Accordingly, there is no basis for the court to order a change or correction to the real market value for either of those tax years. For the 2017-18 tax year, Plaintiffs allege a real market value of $615,000, which is 22.12 percent less than the original tax roll real market value and 3.30 percent less than the BOPTA real market value. Defendant maintains that the BOPTA value of $636,000 is the "current roll value." (Def's Reply at 1.) Plaintiffs disagree, arguing that the proper comparison under ORS 305.288(1) is between the original tax roll real market value and Plaintiffs' requested real market value.[5] (Ptfs' Am Reply to Mot at 1.) Ultimately, the court need not decide that issue because, as discussed above, Plaintiffs are not aggrieved under

---

[5] This type of dispute does not typically arise because relief under ORS 305.288 is available where a taxpayer fails to appeal to BOPTA. *See, e.g., Richardson v. Dept. of Rev.*, TC 5260, 2016 WL 767116 at *1-2 (2016) (discussing three ways to receive relief from the county assessor's determination of real market value).

ORS 305.275(1)(a) for the 2017-18 tax year.

        c.     *No basis to correct maximum assessed value under ORS 305.288(2)*

Under ORS 305.288(2), the court may order a change or correction to the maximum assessed value if "the conditions needed to order a change or correction under subsection (1) of this section exist[.]" Plaintiffs have not satisfied the 20 percent error test for the 2015-16 and 2016-17 tax years. Additionally, any correction to maximum assessed value must have a basis in the law. As discussed below, Plaintiffs have not identified any legal authority supporting their requested corrections to maximum assessed value for the three tax years at issue.

        3.     *Maximum Assessed Value claims*

Plaintiffs allege that they pay 40 percent more annually in property taxes than five comparable properties in violation of the uniformity clause of Article I, section 32 of the Oregon Constitution. Defendant moves to dismiss Plaintiffs' maximum assessed value claims because they are contrary to the calculation of maximum assessed value required under ORS 308.146.

"The maximum assessed value of property equals 103 percent of the property's assessed value from the prior year or 100 percent of the property's maximum assessed value from the prior year, whichever is greater." ORS 308.146(1). Taxpayers are assessed based on the lesser of the real market value or the maximum assessed value. ORS 308.146(2). Plaintiffs' request to reduce the subject property's maximum assessed value in proportion to either a real market value reduction or to the assessed values of neighboring properties finds no support under the law.

This court has previously determined that taxpayers may not maintain a challenge to maximum assessed value based on lack of uniformity with the tax burdens of similar properties:

///

///

"The court recognizes that in one sense [maximum assessed value] is somewhat artificial or arbitrary. That is inherent in the overall scheme of section 11 [of the Oregon Constitution]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity, specifically Article IX, section 1 and Article I, section 32."

*Ellis v. Lorati*, 14 OTR 525, 535 (1999). Accordingly, the court agrees with Defendant that Plaintiffs' claims to reduce the subject property's maximum assessed values based on lack of uniformity with neighboring properties have no basis in the law.

4.      *Exception Value*

Plaintiffs stipulated to the 2017-18 exception real market value determined by Defendant, but challenge the calculation of the 2017-18 maximum assessed value including that exception value. Plaintiffs maintain that the exception value added to the maximum assessed value for the 2017-18 tax year should not exceed $14,920.92. Defendant responds that Plaintiffs have failed to account for the mandatory three percent increase to maximum assessed value before taking the exception value into account. (Def's Second Reply at 2.)

When new property or new improvements are added to the assessment roll, maximum assessed value is calculated as provided in ORS 308.153. *See* ORS 308.146(3)(a), 308.153(1). Under ORS 308.153(1), (2), maximum assessed value is the sum of "[t]he maximum assessed value determined under ORS 308.146" and the real market value of the new improvements, less any retirements, multiplied by the changed property ratio (CPR).[6] *See also Magno v. Dept. of Rev.*, 19 OTR 51, 53-54 (2006) (explaining that, with new improvements to property, the maximum assessed value is the sum of the maximum assessed value as if it had not changed and

---

[6] ORS 308.153(1)(b) describes the CPR, not greater than 1.00, as "the average maximum assessed value over the average real market value for the assessment year." *See also* OAR 150-308-0170 (identifying the ratio as the CPR and explaining how it is calculated).

the maximum assessed value of the new improvements, which is the product of the exception real market value and the CPR).

Plaintiffs' calculation of the 2017-18 maximum assessed value fails to account for the first part of the equation required by ORS 308.153(1)(a), the maximum assessed value determined under ORS 308.146. As set forth above, ORS 308.146(1) states that "[t]he maximum assessed value of property equals 103 percent of the property's assessed value from the prior year or 100 percent of the property's maximum assessed value from the prior year, whichever is greater." Here, the 2016-17 maximum assessed value and assessed value were each $304,980. 103 percent of that amount is $314,129.40, which Defendant truncates to $314,120. (*See* Def's Second Reply at 2.) Adding Plaintiffs' calculation of the maximum assessed value of the new improvement – $14,920.92 – yields a total 2017-18 maximum assessed value of $329,040.92, which exceeds the maximum assessed value of $325,590 on the 2017-18 tax roll.[7] As a result, Plaintiffs are not aggrieved by the subject property's 2017-18 exception value.

C.     *Conclusion*

Upon careful consideration, the court concludes that Plaintiffs are not aggrieved with respect to the subject property's 2015-16, 2016-17, and 2017-18 real market values. Plaintiffs are not aggrieved by its 2017-18 exception value. Plaintiffs have failed to state a claim under ORS 305.288(1) for the 2015-16 and 2016-17 tax years. Plaintiffs have failed to state a claim for relief with respect to the subject property's 2015-16, 2016-17, and 2017-18 maximum assessed values. As a result, Defendant's Motion to Dismiss should be granted. Now, therefore,

/ / /

---

[7] Defendant asserts that the 2017-18 CPR applicable to the subject property was 0.5004, not 0.651 used by Plaintiffs. (Def's Second Reply at 2.) That is the difference between Plaintiffs' calculation of the maximum assessed value of the new improvement ($14,920.92) and Defendant's ($11,470). (*Id.*)

IT IS THE DECISION OF THIS COURT that Plaintiffs' Complaint is dismissed.

Dated this ____ day of September 2018.


                                         _____
                                           ALLISON R. BOOMER
                                           MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Boomer and entered on September 18, 2018.*